# EXHIBIT 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60664-CIV-ALTONAGA/Goodman

GLORIA RUNTON,

       Plaintiff,

v.

BROOKDALE SENIOR
LIVING, INC.,

       Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Final Approval of Class

Action Settlement, Approval of Attorneys' Fees and Expenses, and Incorporated Memorandum of

Law [ECF No. 149], filed March 11, 2020.

The claims of Plaintiff Julie Goddard, in her capacity as Curator of the Estate of Gloria

Runton, against Defendant Brookdale Senior Living, Inc., have been settled pursuant to the parties'

Stipulation and Class Action Settlement Agreement (the "Settlement") [ECF No. 149-1] dated

November 8, 2019.  On November 13, 2019, the Court granted preliminary approval of the

Settlement and provisionally certified the Settlement Class, as defined in the Court's Order, for

settlement purposes only.  (*See generally* Nov. 13, 2019 Order ("Preliminary Approval Order")

[ECF No. 136]).

On March 23, 2020, the Court held a Fairness Hearing [ECF No. 155] to consider: (1)

whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether

judgment should be entered dismissing Plaintiff's claims on the merits and with prejudice,

including the claims of Settlement Class Members who have not requested to opt out of the

Settlement Class; and (3) whether to approve Defendant's payment of attorneys' fees and expenses to Class Counsel.  For the following reasons, it is

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion for Final Approval of Class Action Settlement, Approval of Attorneys' Fees and Expenses, and Incorporated Memorandum of Law **[ECF No. 149]** is **GRANTED**.  The terms and conditions of the Settlement are incorporated as though fully set forth herein, and unless otherwise indicated, capitalized terms in this Judgment have the meanings attributed to them in the Settlement.

2.      The Court has personal jurisdiction over Plaintiff, Defendant, and the Settlement Class Members; venue is proper; the Court has subject matter jurisdiction to approve the Settlement and enter this Judgment.  Without in any way affecting the finality of this Judgment, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement and of this Judgment, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Settlement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

3.      The Settlement was negotiated at arms' length by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions.  The parties reached a settlement after mediation and extensive negotiations.  Counsel for the parties were therefore well-positioned to evaluate the benefits of the Settlement, considering the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law and prior court rulings.  Without admitting that the claims would be certified for class action treatment, Defendant consented to certification of the

class for purposes of effectuating a settlement of the claims alleged in this action.

4.      The Court finds that the requirements of Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure are satisfied for settlement purposes for each Settlement Class Member in that: (a) the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to all Settlement Class Members predominate over any individual questions affecting the Settlement Class Members; (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23, the Court certifies the Settlement Class for settlement purposes only, as identified in the Settlement, as follows:

> All persons who entered a Brookdale assisted living facility ("ALF") in the State of Florida between April 4, 2013 and November 13, 2019, the preliminary approval date, whether currently or former residing, and who contracted with a Brookdale ALF for assisted living or memory care services but for whom there does not exist a signed arbitration agreement applicable to the services provided to them at a Brookdale ALF.

> Excluded from the Settlement Class are: (a) Brookdale and its employees, principals, affiliated entities, legal representatives, successors, and assigns; (b) any Claimant who files a valid, timely Request for Exclusion; (c) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); and (d) the judges to whom the action is assigned and any members of their immediate families.

6.      The Court designates Gail A. McQuilkin of Kozyak Tropin & Throckmorton, LLP as Settlement Class Counsel.

7.      The Court designates Plaintiff Julie Goddard, in her capacity as Curator of the Estate of Gloria Runton, as the Settlement Class Representative.

8.      The Court makes the following findings with respect to Class Notice to the Settlement Class:

8.1.      The Court finds the distribution of the Mail Notice and Claim Form and the Settlement Administrator Website, Defendant's website, and a toll-free telephone number, all as provided in the Settlement,  (1) constituted the best practicable notice under the circumstances and were reasonably calculated to apprise Settlement Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (2) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (3) complied fully with the requirements of Rule 23, the United States Constitution, and any other applicable law.

8.2.      The Declaration of Sydney Gustafson [ECF No. 149-2], the independent third-party Settlement Administrator for the Settlement, establishes the Mail Notice and Claim Form were sent to Settlement Class Members on January 13, 2020 and the Settlement Administrator Website was established on January 13, 2020.   Further, Defendant established notice on its website on January 13, 2020.  Adequate Class Notice was given to the Settlement Class in compliance with the Settlement and the Preliminary Approval Order.

9.      As provided in the Settlement, a monetary cash payment shall be paid to Settlement Class Members who submit an approved Claim Form.

10.      Persons who wished to be excluded from the Settlement Class were provided the opportunity to request exclusion as described in the Notice and on the Settlement Administrator Website.  The Court finds the individual interests of the person(s) who sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded from the Settlement Class if he or she so desired.

11.   Defendants have complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. sections 1715 *et seq.*, in connection with the proposed settlement.

12.   The Court finds there were no objections to the Settlement, which indicates that the proposed Settlement is fair, reasonable, and adequate, or should otherwise be approved.

13.   Settlement Class Members who did not timely file and serve an objection in writing to the Settlement, to the entry of this Judgment, and to Class Counsel's application for payment of attorneys' fees and expenses, in accordance with the procedure set forth in the Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

14.   The terms and provisions of the Settlement have been entered into in good faith and, pursuant to Rule 23(e), are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members.  The Court hereby enters judgment approving and adopting the Settlement, fully and finally terminating all claims of Plaintiff and the Settlement Class in this action against Defendant, on the merits and with prejudice.

15.   Pursuant to Rule 23(h), the Court approves Class Counsel attorney's fees in the amount of eighty-seven thousand dollars and zero cents ($87,000) and expenses of three thousand four hundred and eight dollars and sixty-one cents ( $3,408.61), payable by Defendant pursuant to the terms of the Settlement.  Defendant shall not be responsible, and shall not be liable with respect to any other person or entity who may assert a claim thereto, for attorney's fees and expenses approved by the Court.

16.   The terms of the Settlement, and of this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all claims and pending and future lawsuits maintained by Plaintiff and/or each Settlement Class Member who did not timely and properly

exclude himself or herself from the Settlement Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all other Releasing Parties.

17.     The Releases, which are set forth in Section IV of the Settlement, are expressly incorporated herein in all respects and are effective as of the entry of this Judgment.  The Released Parties are forever released, relinquished, and discharged by the Releasing Parties, including all Settlement Class Members who did not timely exclude themselves from the Settlement Class, from all Released Claims (as that term is defined below and in the Settlement).

17.1     Released Claims do not include claims arising after the close of the Settlement Class Period.  Nothing in the Settlement or this Order shall be deemed a release of any Settlement Class Member's respective rights and obligations under the Settlement or this Judgment or preclude any action to enforce the terms of the Settlement, including participation in any of the processes detailed therein.  Further, and not in limitation of the scope of Released Claims or the definition of Released Parties, nothing in the Settlement or this Order shall be deemed a release of claims for personal injury, including any personal injury claims arising from allegedly insufficient care.

17.2     Plaintiff and each Settlement Class Member are deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement.

17.3     The Settlement shall be the exclusive remedy for all Settlement Class Members with regard to the Released Claims.

18.     Neither the Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Judgment, nor any of its terms and provisions shall be:

6

18.1.    Offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Parties of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the action or in any litigation against the Released Parties, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the action, or of any liability, negligence, fault or wrongdoing of the Released Parties;

18.2.    Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or of any other wrongdoing by any of the Released Parties;

18.3    Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission that a class could be certified for any purpose whatsoever, other than for the purpose of effectuating the Settlement;

18.4    Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, breach, fault, omission, or wrongdoing in any civil, criminal, or administrative action or proceeding;

18.4    Offered or received in evidence in any action or proceeding against any of the Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement (or any agreement or order relating thereto), including the Releases or this Judgment.

7

19.     This Judgment and the Settlement may be filed in any action against or by any Released Party in order to support any argument, defense, or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20.     Plaintiff and all Settlement Class Members and their respective family members, heirs, guardians, administrators, executors, predecessors, successors, and assigns have released the Released Claims as against the Released Parties, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members, or otherwise) any lawsuit in any jurisdiction before any court or tribunal against any Released Party based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims; or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit against any Released Parties (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.  Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorney's fees incurred in seeking enforcement of the injunction.  The foregoing injunction is issued in order to protect the continuing jurisdiction of the Court and to effectuate and implement the Settlement and this Judgment.

21.     The Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction

that are based on Released Claims pursuant to the Settlement and this Judgment, and that are enjoined pursuant to this Judgment.

22.     The claims of Plaintiff Julie Goddard, in her capacity as Curator of the Estate of Gloria Runton, individually and on behalf of the Settlement Class, including all individual claims and class claims presented herein, are hereby dismissed on the merits and with prejudice against Defendant  without fees or costs to any party except as otherwise provided in this Judgment.

23.     The Settling Parties are directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by subsequent court orders.  In the absence of further orders, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement, as may be modified by the Preliminary Approval Order or this Judgment.

24.     Without impacting the finality of this Judgment, the Court retains jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of March, 2020.

_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record