# EXHIBIT 23

# If You Resided at a Brookdale-Affiliated Assisted Living Facility in Florida Between April 4, 2013 and November 13, 2019
# You May Be Entitled to a Payment from a Class Action Settlement.

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement[1] has been reached in a class action lawsuit against Brookdale Senior Living Inc. ("Brookdale") alleging that assisted living facilities owned and/or operated by a Brookdale affiliate in the State of Florida ("Brookdale ALFs") failed to properly account for residents' assessed needs in determining staffing and were therefore understaffed. Brookdale denies the allegations in the lawsuit and the Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid claims.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Class, you must submit a completed Claim Form to receive a payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, you will receive your payment by check. |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement and if you do, you will receive no benefits from the Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive a payment if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against Brookdale about the claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online the website below.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**..................................................................................................**PAGE 4**
1. Why is there a notice?
2. What is this litigation about?
3. What is Florida's Deceptive and Unfair Trade Practice Act?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**........................................................................**PAGE 5**
6. Who is included in the Settlement?
7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**.....................................................................................**PAGE 5**
8. What does the Settlement provide?
9. How do I file a Claim?
10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**................................................**PAGE 6**
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue Brookdale for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**........................................................................**PAGE 7**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**...........................................................................**PAGE 8**
17. How do I tell the Court I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**..............................................................................**PAGE 9**
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**.....................................................................................................**PAGE 9**
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**..................................................................................**PAGE 9**
23. How do I get more information?

# BASIC INFORMATION

## 1.  Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed settlement of a class action lawsuit known as *Runton et al. v. Brookdale Senior Living Inc.*, No. 0:17-cv-606664-CMA and about all of your options before the Court decides whether to give Final Approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Cecilia Altonaga of the United States District Court, Southern District of Florida is overseeing this case. The person who sued, the curator for the Estate of Gloria Runton, is called the "Plaintiff."  Brookdale Senior Living Inc. or Brookdale is called the "Defendant."

## 2.  What is this litigation about?

The lawsuit alleges that Brookdale made false representations to residents about the determination and adequacy of staffing at Brookdale ALFs; that Brookdale ALFs did not adequately account for residents' assessed needs and were therefore understaffed; that Brookdale's alleged conduct gives rise to a breach of contract and a violation of Florida's Deceptive and Unfair Trade Practice Act ("FDUTPA"); and that Brookdale is liable for actual damages and injunctive relief to the named Plaintiff and a class of residents in the State of Florida.

Brookdale denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the litigation, and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through litigation and trial.

The Plaintiff's Complaint, Settlement Agreement and other case-related documents are posted on the website, www.BrookdaleFloridaALFSettlement.com.  The Settlement resolves the lawsuit.  The Court has not decided who is right.

## 3.  What is Florida's Deceptive and Unfair Trade Practice Act?

Florida's Deceptive and Unfair Trade Practice Act (commonly referred to as "FDUTPA") is a Florida state law that prohibits unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.  The Plaintiff here alleged that Brookdale made false representations about the determination and adequacy of staffing at Brookdale ALFs, in violation of FDUTPA.

## 4.  Why is this a class action?

In a class action, one person called the "Class Representative" (in this case, the curator for the Estate of Gloria Runton) sued on behalf of himself and other people with similar claims.

All of the people who have claims similar to the Class Representative are members of the Settlement Class, except for those who exclude themselves from the class.

## 5.  Why is there a settlement?

The Court has not found in favor of either Plaintiff or Brookdale.  Instead, both sides have agreed to a settlement.  By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice.  Brookdale denies all legal claims in this case. Plaintiff and her lawyers think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT

| 6.  Who is included in the Settlement? |
| --- |

The Settlement includes: all persons who entered a Brookdale ALF in the State of Florida between April 4, 2013 and November 13, 2019, whether currently or former residing, and who contracted with a Brookdale ALF for assisted living or memory care services but for whom there does not exist a signed arbitration agreement applicable to the services provided to them at a Brookdale ALF. These people are called the "Settlement Class" or "Settlement Class members." If there is a signed arbitration agreement applicable to your residence at a Brookdale ALF, it would ordinarily be contained within the residency agreement that may have been signed upon your entry to a Brookdale ALF. If there is a signed residency agreement applicable to your residence at a Brookdale ALF and that residency agreement contains an arbitration clause, then you are not part of the Settlement Class.

Excluded from the Settlement Class are (A) Defendant, Defendant's officers, Defendant's directors, and their immediate family members; (B) Class Counsel; and (C) The Judges who have presided over the Litigation and their immediate family members.

| 7.  What if I am not sure whether I am included in the Settlement? |
| --- |

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the settlement website at www.BrookdaleFloridaALFSettlement.com or call the toll-free number, 1-888-597-0990. You also may send questions to the Settlement Administrator at Brookdale Florida ALF Settlement Program, Settlement Administrator, PO Box 27281, Richmond, VA 23261.

# THE SETTLEMENT BENEFITS

| 8.  What does the Settlement provide? |
| --- |

Brookdale has agreed to pay Settlement Class Members who entered a Brookdale ALF that was then owned or operated by an affiliate of Brookdale 15% of their community fee payment for each year of residency at a Brookdale ALF, prorated according to the number of days that the resident resided at the facility. Settlement Class Members whose community fee payment was $0, inclusive of any applicable rebates or discounts, will be entitled to a flat reimbursement of $25. Settlement Class Members who entered a Brookdale ALF that was then owned and/or operated by an affiliate of Emeritus Corporation will be entitled to a flat reimbursement of $25. Settlement Class Members who entered a Brookdale ALF between August 1, 2014 and October 1, 2014, which was previously owned and/or operated by an affiliate of Emeritus Corporation, will be entitled to reimbursement in an amount equal to the average reimbursement amount provided to Settlement Class Members.

Brookdale has also agreed to include language in Section I.B of the standard residency agreement used at Brookdale ALFs and on Brookdale's webpage stating as follows: "We make no promise or representation regarding whether or how a resident's assessed needs impact staffing determinations at a given facility. There is no guarantee that an increase in a resident's assessed needs will result in an increase in staffing at the resident's facility."

| 9.  How do I file a Claim? |
| --- |

If you qualify for a cash payment you must complete and submit a valid Claim Form. You can file your Claim Form online at www.BrookdaleFloridaALFSettlement.com or by sending it by U.S. Mail to the address below.  The deadline to file a Claim online is **11:59 p.m. EDT on May 22, 2020.**

If you received a Claim Form in the mail with a summary of this Notice, simply complete, sign, and mail the form by U.S. Mail to the address below.

Claim Forms submitted by mail must be postmarked on or before **May 22, 2020** to:

<div align="center">

Brookdale Florida ALF Settlement Program
Settlement Administrator
PO Box 27281
Richmond, VA 23261

</div>

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required.

The Settlement Administrator will have the discretion to reject the claim if it determines that Brookdale's records reveal that you did not reside at a Brookdale ALF during the class period or that there exists a signed arbitration agreement applicable to your residence at a Brookdale ALF during the class period.

You may submit a claim on behalf of a Settlement Class Member if you are a legally authorized representative of such Settlement Class Member.  In order to do so, complete the portion of the Claim Form titled "Authorized Representatives Claim Form," which must be accompanied by either a death certificate pertaining to the Settlement Class Member or an accompanying notarized statement that you are an Authorized Representative of the Settlement Class Member and/or the Settlement Class Member's Estate.

## 10. When will I receive my payment?

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to Brookdale on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting-out" of the Settlement Class.

## 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a timely letter by mail to:

<div align="center">

Brookdale Florida ALF Settlement Program
Settlement Administrator
PO Box 27281
Richmond, VA 23261

</div>

Your request to be excluded from the Settlement must be personally signed by you under penalty of perjury and contain a statement that indicates your desire to be "excluded from the Settlement Class"

and that absent excluding yourself or "opting-out" you are "otherwise a member of the Settlement Class."

Your exclusion request must be postmarked no later than **February 24, 2020**.  You cannot ask to be excluded on the phone, by email, or at the website.

You may opt-out of the Settlement Class only for yourself.

> **12. If I do not exclude myself, can I sue Brookdale for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Brookdale for the claims that the Settlement resolves.  You must exclude yourself from this Settlement Class in order to pursue your own lawsuit.

> **13. What am I giving up to stay in the Settlement Class?**

Unless you opt-out of the Settlement, you cannot sue or be part of any other lawsuit against Brookdale about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.BrookdaleFloridaALFSettlement.com. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 15 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

> **14. If I exclude myself, can I still get a payment?**

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the settlement.

# THE LAWYERS REPRESENTING YOU

> **15. Do I have a lawyer in the case?**

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

Gail McQuilkin
Kozyak Tropin & Throckmorton LLP

You will not be charged for these lawyers.  If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

> **16. How will the lawyers be paid?**

Class Counsel intend to request fees determined by the lodestar method, which is the number of hours reasonable spent by Class Counsel in this case multiplied by a reasonable hourly rate.  The fees and expenses awarded by the Court will be paid by Brookdale.

# OBJECTING TO THE SETTLEMENT

<div style="background:gray">

**17. How do I tell the Court I do not like the Settlement?**

</div>

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. To object, you must timely submit a letter that includes the following:

1) A heading that includes the case name and case number - *Runton et al. v. Brookdale Senior Living Inc.*, No. 0:17-cv-606664-CMA.

2) Your name, address, telephone number, the approximate dates during which you resided at a Brookdale ALF in the State of Florida, and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

3) A signed statement stating, under penalty of perjury, that you and/or your authorized representative did not sign an arbitration agreement with a Brookdale ALF applicable to the services provided to you;

4) A statement of all your objections to the Settlement including your legal and factual basis for each objection; and

5) A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend;

6) The number of times in which your counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case;

7) A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

8) Any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between you or your counsel and any other person or entity;

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) <u>and</u> mail your objection to each of the following three (3) addresses, and your objection <u>must</u> be postmarked by **February 24, 2020**:

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| United States District Court for the Southern District of Florida 400 N. Miami Ave. Miami, FL 33128 | Gail McQuilkin Kozyak Tropin & Throckmorton LLP 2525 Ponce de Leon, 9th Floor Miami, FL 33134 | Erica W. Rutner Lash & Goldberg LLP 100 Southeast 2nd Street, Suite 1200 Miami, FL 33131 |

<div style="background:gray">

**18. What is the difference between objecting and asking to be excluded?**

</div>

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

| **19. When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court has scheduled a Fairness Hearing on **March 23, 2020 at 1:00 pm at the United States District Court for the Southern District of Florida, Courtroom 12-2.** The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.BrookdaleFloridaALFSettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for a Service Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

| **20. Do I have to attend the hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper addresses, and it complies with all the other requirements set forth above, the Court will consider it. You also may pay your own lawyer to attend the hearing, but it is not necessary.

| **21. May I speak at the hearing?** |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Fairness Hearing. (*See* question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

| **22. What happens if I do nothing at all?** |
| --- |

If you are a Settlement Class member and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

# GETTING MORE INFORMATION

| **23. How do I get more information?** |
| --- |

This notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.BrookdaleFloridaALFSettlement.com. You also may write with questions to the Settlement Administrator at Brookdale Florida ALF Settlement Program, Settlement Administrator, PO Box 27281, Richmond, VA 23261, or call the toll-free number, 1-888-597-0990.