# EXHIBIT 25

Filed                                                                                NOT ORIGINAL DOCUMENT
                                                                                10/18/2018 01:59:38 PM
                                                                                48398

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION ___
CIVIL ACTION NO. 18-CI-_____

**ELECTRONICALLY FILED**

CARRIE JOHNSON                                                    PLAINTIFF

VS.                          **COMPLAINT**

BLC LEXINGTON SNF, LLC
d/b/a BROOKDALE RICHMOND PLACE SNF (KY)
111 Westwood Place, Suite 200
Brentwood, Tennessee 37027                                        DEFENDANT
         **SERVE:     VIA CERTIFIED MAIL**
                      **RETURN RECEIPT REQUESTED**
                      Corporation Service Company
                      421 West Main Street
                      Frankfort, Kentucky 40601

-and-

ARC RICHMOND PLACE, INC.
d/b/a BROOKDALE RICHMOND PLACE PCH (KY)
111 Westwood Place, Suite 200
Brentwood, Tennessee 37027                                        DEFENDANT

         **SERVE:     VIA CERTIFIED MAIL**
                      **RETURN RECEIPT REQUESTED**
                      Corporation Service Company
                      421 West Main Street
                      Frankfort, Kentucky 40601

-and-

AMERICAN RETIREMENT CORPORATION
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027                                        DEFENDANT
**SERVE:     VIA CERTIFIED MAIL**
             **RETURN RECEIPT REQUESTED**
             Corporation Service Company
             421 West Main Street
             Frankfort, Kentucky 40601

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000001 of 000026

Filed          18-CI-03625    10/16/2018          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

BROOKDALE SENIOR LIVING COMMUNITIES, INC.
111 Westwood Place, Suite 200
Brentwood, Tennessee 37027                                    DEFENDANT
      **SERVE:**    **VIA CERTIFIED MAIL**
              **RETURN RECEIPT REQUESTED**
              Corporation Service Company
              421 West Main Street
              Frankfort, Kentucky 40601

   -and-

BROOKDALE SENIOR LIVING COMMUNITIES, INC.
Corporation Service Company 2711 Centerville Rd, Suite 400
Wilmington, Delaware 19808                                    DEFENDANT
      **SERVE:**    **VIA CERTIFIED MAIL**
              **RETURN RECEIPT REQUESTED**
              Office of the Secretary of State
              Summons Branch
              700 Capital Avenue, Suite 86
              Frankfort, Kentucky 40601

      Process Agent:    Corporation Service Company
                   2711 Centerville Road, Suite 400
                   Wilmington, Delaware 19808

   -and-

BROOKDALE SENIOR LIVING INC.
Corporation Service Company 2711 Centerville Road, Suite 400
Wilmington, Delaware 19808                                    DEFENDANT
      **SERVE:**    **VIA CERTIFIED MAIL**
              **RETURN RECEIPT REQUESTED**
              Office of the Secretary of State
               Summons Branch
              700 Capital Avenue, Suite 86
               Frankfort, Kentucky 40601

      Process Agent:    Corporation Service Company
                   2711 Centerville Road, Suite 400
                   Wilmington, Delaware 19808

   -and-

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000002 of 000026

2

Filed  18-CI-03625  10/16/2018  Vincent Riggs, Fayette Circuit Clerk  NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

ANN PHILLIPS, in her Capacity as Executive Director and Administrator
of Brookdale Richmond Place                                    DEFENDANT

      **SERVE:**     **VIA CERTIFIED MAIL**
                 **RETURN RECEIPT REQUESTED**
                 2770 Palumbo Drive
                 Lexington, KY 40509

**** **** **** ****

Comes the Plaintiff, Carrie Johnson, and for her Complaint and causes of action against Defendants, BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), ARC Richmond Place, Inc., d/b/a Brookdale Richmond Place PCH (KY), American Retirement Corporation, Brookdale Senior Living Communities, Inc., Brookdale Senior Living Inc., and Ann Phillips in her capacity as Administrator of Brookdale Richmond Place, hereby states as follows:

1.     Carrie Johnson is, and was at all times relevant herein, a resident of Fayette County, Kentucky.

2.     Ms. Johnson was a resident of BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY) (hereinafter "Brookdale Richmond Place SNF (KY)" and "the facility") located at 2770 Palumbo Drive, Lexington, Kentucky 40509, beginning on November 20, 2017.

3.     Upon information and belief, Defendant BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), is, and was at all times relevant herein, a Foreign Limited Liability Company, with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington,

3

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000003 of 000026

Filed                                                          NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

Kentucky 40509. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Under the laws and regulations promulgated and enforced by the Cabinet for Health.

4.      As licensee of the facility, BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY) in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

5.      Upon information and belief, Defendant ARC Richmond Place, INC., d/b/a Brookdale Richmond Place PCH (KY), is, and was at all times relevant herein, a Foreign Limited Liability Company, with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place PHC (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, ARC Richmond Place, Inc., d/b/a Brookdale Richmond Place PCH (KY), was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant ARC Richmond Place, Inc., d/b/a Brookdale Richmond Place PCH (KY) in the ownership, operation,

4

Presiding Judge: HON. PAMELA GOODWINE (62212)

COM : 000004 of 000026

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette Circuit Clerk NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

6. Upon information and belief, Defendant American Retirement Corporation, is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant American Retirement Corporation, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

7. Upon information and belief, Defendant Brookdale Senior Living Communities, Inc., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Brookdale Senior Living Communities, Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

5

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000005 of 000026

Filed 8:06:43625 18/16/2018 Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

8. Upon information and belief, Defendant Brookdale Senior Living Communities, Inc., is, and was at all times relevant herein, a Delaware Corporation, with its principal office located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Brookdale Senior Living Communities, Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

9. Upon information and belief, Defendant Brookdale Senior Living Inc., is, and was at all times relevant herein, a Delaware Corporation, with its principal office located at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19801. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Brookdale Senior Living Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

10. Upon information and belief, Defendant Ann Phillips was the Administrator of Brookdale Richmond Place during the residency of Plaintiff. The causes of action that

6

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000006 of 000026

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

make the basis of this suit arise out of Ann Phillips' administration of the facility during the residency of Plaintiff. Ann Phillips may be served with process by delivery of summons and a true and accurate copy of this Complaint at her place of business at 2270 Palumbo Drive, Lexington KY 40509.

11.     Whenever the term "Nursing Home Defendants" or "Defendants" is utilized within this suit, such term collectively refers to every Defendant in this suit.

12.     Defendants controlled the operation, planning, management, budget and quality control of their respective facilities. The authority exercised by Defendants over the facilities included, but was not limited to, operation, management, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by nursing and hospital facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

13.     Pursuant to the principles of actual agency, ostensible agency and apparent authority, Defendants are responsible for the acts or omissions of their agents, servants, employees, or representatives.

14.     BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), holds itself out as being a Long-Term Care and Rehabilitation Facility. As such, BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), is subject to licensure requirements pursuant to KRS Chapter 216 and 902 KAR 20:026 and 902 KAR 20:300.

15.     Pursuant to KRS § 216.515, Ms. Johnson was entitled to certain rights as a resident of BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY).

16.     Jurisdiction and venue are proper in this Court.

7

Presiding Judge: HON. PAMELA GOODWINE (62212)

COM : 000007 of 000026

Filed
10/18/2018 01:59:38 PM
48398

NOT ORIGINAL DOCUMENT

## FACTS

17.    At all times pertinent to this Complaint, Ann Phillips was employed by Defendants.

18.    At all relevant times pertinent to this Complaint, Ann Phillips was acting within the scope of her employment with Defendants. Therefore, Defendants are vicariously liable for the acts and omissions of Ann Phillips. In addition, Defendants are liable pursuant to the Restatement (Third) of Agency including, but not limited to, § 7.05.

19.    Upon information and belief, at all relevant times Plaintiff was a resident of Brookdale Richmond Place. Plaintiff depended on the Defendants for treatment of her total needs for custodial, nursing and medical care. Due to the negligence, carelessness and wrongful conduct of the Defendants, Plaintiff suffered unnecessary loss of personal dignity, personal injuries, suffering, degradation, and mental anguish, all of which were caused by the negligence, carelessness and wrongful conduct of the Defendants.

20.    At all relevant times mentioned herein, the Defendants owned, operated, managed and/or controlled Brookdale Richmond Place either directly, through a joint enterprise, partnership and/or through the agency of another and/or divided subalterns, subsidiaries, governing bodies, agents, servants or employees.

21.    At all times mentioned herein, Defendants, through their corporate officers, employees, agents and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries of Plaintiff. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Brookdale Richmond Place, such as Plaintiff.

8

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000008 of 000026

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette Circuit Clerk NOT ORIGINAL DOCUMENT 10/18/2018 01:59:38 PM 48398

22.     In an effort to ensure that Plaintiff and other residents whose care was partially funded by the government were placed at Brookdale Richmond Place, Defendants held themselves out to the Kentucky Cabinet for Health and Family Services (CHFS) and the public at large as being:

> (a)     Skilled in the performance of nursing, rehabilitative, and/or other medical support services;
>
> (b)     Properly staffed, supervised, and equipped to meet the total needs of their residents;
>
> (c)     Able to specifically meet the total medical and physical therapy needs of Plaintiff and other residents like her; and
>
> (d)     Licensed by CHFS and complying on a continual basis with all rules, regulations, and standards established for nursing homes and similar facilities.

23.     Defendants failed to discharge their obligations of the care of Plaintiff with a conscious disregard for her rights and safety. At all times mentioned herein, Defendants, through their Corporate officers and administrators had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Plaintiff as more fully set forth below. Defendants knew that these facilities could not provide the minimum standard of care to the weak and vulnerable residents of the respective facilities. The severity of the recurrent negligence inflicted upon Plaintiff while under the care of the facilities accelerated the deterioration of her health and physical condition beyond that caused by the normal aging process, and resulted in the physical and emotional injuries including, but not limited to:

> (a)     Poor hygiene;
>
> (b)     Failure to clean surgical wound;
>
> (c)     Contraction of infections;

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000009 of 000026

9

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette Circuit Clerk

Filed                    10/16/2018          Vincent Riggs, Fayette   NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

(d)      Contraction of MRSA; and

(e)      Unnecessary pain and suffering.

24.    Plaintiff also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress and hospitalization, all of which were caused by the wrongful conduct of the Defendants as alleged herein.

25.    The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Plaintiff's health deteriorated.

**COUNT I**
**NEGLIGENCE**
**(All Defendants)**

26.    The Defendants owed a non-delegable duty to Plaintiff to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

27.    Upon information and belief, the Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Plaintiff.

28.    The Defendants failed to deliver care, services and supervision including, but not limited to, the following acts and omissions:

(a)    Failure to:

1.    Ensure that the rules and regulations designed to protect the health and safety of the residents, such as Plaintiff, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care, were enforced;

2.    Ensure compliance with the resident care policies for the facilities; and

Presiding Judge: HON. PAMELA GOODWINE (62212)

COM : 000010 of 000026

10

Filed 10-CI-03625 10/16/2018 Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

3. Ensure that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

(b) Failure to provide a facility that was sufficiently staffed with personnel who were properly qualified and trained;

(c) Failure to follow Plaintiff's written care plan and/or doctor's orders;

(d) Failure to notify Plaintiff's doctors and/or family members when Plaintiff experienced changes in condition;

(e) Failure to provide the minimum number of qualified personnel to meet the total needs of Plaintiff;

(f) Failure to maintain all records on Plaintiff in accordance with accepted professional standards and practices;

(g) Failure to ensure that Plaintiff received adequate and proper supervision;

(h) Failure to increase the number of personnel at the facility to ensure that Plaintiff received timely and appropriate custodial care including, but not limited to, bathing, grooming, incontinent care and personal attention to her hydration needs;

(i) Failure to have in place adequate guidelines, policies and procedures of the facility to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

(j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

(k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Plaintiff in proportion to her particular physical and mental ailments, known or discovered, by the exercise of reasonable skill and diligence; and

(l) Failure to provide proper care consistent with standards applicable to Defendants.

29. A reasonably careful nursing facility would have provided the care listed above. It was foreseeable that these breaches of ordinary care would result in and did, in fact, result in serious injuries to Plaintiff. With regard to each of the foregoing acts of

11

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000011 of 000026

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

negligence, the Defendants acted with oppression, fraud and malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Plaintiff.

30. Pursuant to KRS 446.070, Plaintiff also alleges that the Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se.* Plaintiff was injured by the statutory violations of Defendants and was within the class of persons for whose benefit the statutes were enacted. The negligence *per se* of Defendants includes, but is not limited to, violation(s) of the following:

(a) Violation(s) of KRS 209.005 *et seq.* and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Plaintiff.

(b) Violation(s) of KRS 508.090 *et seq.,* criminal abuse, by committing intentional, wanton, reckless abuse of Plaintiff, who was physically and mentally helpless, or permitting Plaintiff, a person of whom Defendant had actual custody, to be abused. Such abuse caused serious physical injury and/or caused torture, cruel confinement or cruel punishment of Plaintiff. Such acts are actionable under the provisions of KRS 446.070 *et seq.;*

(c) Violation(s) of KRS 530.080 *et seq.,* endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Plaintiff, who was unable to care for herself because of her illness. Such acts are actionable under the provisions of KRS 446.070 *et seq.;*

(d) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable Federal laws and regulations governing the certification of long-term care facilities under Titles XVIII and/or XIX of the Social Security Act.

31. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Plaintiff suffered egregious injuries. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants including,

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000012 of 000026

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette Circuit Clerk

Filed                    10/16/2018          Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

but not limited to, medical expenses, pain and suffering, mental anguish, hospitalizations, unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT II
## MEDICAL NEGLIGENCE
### (All Defendants)

32. Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Complaint as if set forth fully herein.

33. Defendants had a duty to provide the standard of professional care and services of a reasonably competent facilities acting under the same or similar circumstances.

34. Defendants failed to meet applicable standards of care. The negligence or malpractice of Defendants included, but was not limited to, the following acts and omissions:

    (a)    The overall failure to ensure that Plaintiff received the following:

        1)    timely and accurate care assessments;

        2)    prescribed treatment, medication and diet;

        3)    necessary supervision; and,

        4)    timely nursing, dietary and medical intervention due to a significant change in condition;

    (b)    The failure to provide sufficient numbers of qualified personnel including nurses, licensed practical nurses, certified nurses assistants, and medication aides to meet the total needs of Plaintiff throughout her residency/stay;

    (c)    Failure to provide and implement an adequate nursing care plan based on the needs of Plaintiff;

13

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000013 of 000026

Filed                    10/16/2018              Vincent Riggs, Fayette    NOT ORIGINAL DOCUMENT
                                                                                   10/18/2018 01:59:38 PM
                                                                                   48398

(d)     Failure to ensure that Plaintiff was not deprived of the services necessary to  maintain her health and welfare;

(e)     Failure to provide care, treatment and medication in accordance with physician's orders;

(f)     Failure to adequately and appropriately monitor Plaintiff and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

(g)     The failure to maintain all records on Plaintiff in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate plans of care and treatment;

(h)     Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Plaintiff in proportion to her particular physical ailments, known or discoverable by the exercise of reasonable skill and diligence;

(i)     Failure to have in place adequate guidelines, policies, and procedures of the facilities  and  to  administer  those  policies  through enforcement of any rules, regulations, by-laws, or guidelines;

(j)     Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facilities;

(k)     Failure to inform the physician and family of significant changes in condition;

(l)     Failure to adequately, timely, and appropriately educate and inform The caregivers at the facilities of the needs, level of assistance, and prescribed care and treatment for Plaintiff;

(m)     Failure to increase the number of personnel at the facilities to ensure that Plaintiff received timely and appropriate custodial care, including, but not limited to, supervision and personal attention;

35.     It was foreseeable that the breaches of care listed above would result in serious injuries to Plaintiff. A reasonably competent healthcare facility acting under the same or similar circumstances would not have failed to provide the care listed above.

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000014 of 000026

14

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT 10/18/2018 01:59:38 PM 48398

36. With regard to each of the foregoing acts of professional or medical negligence, Defendants acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Plaintiff.

37. As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Plaintiff suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, unnecessary loss of personal dignity and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## COUNT III
## CORPORATE NEGLIGENCE
### (All Defendants)

38. Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Complaint as if set forth fully herein.

39. Plaintiff was looking to the Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. The Defendants and/or persons or entities under its control, or to the extent Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Plaintiff, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

40. The Defendants owed a non-delegable duty to assist Plaintiff in attaining and maintaining the highest level of physical, mental and psychological well-being.

15

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000015 of 000026

Filed 10/18/2018 01:59:38 PM 48398

Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT

41.     The Defendants owed a duty to Plaintiff to maintain the facility, including hiring, supervising and retaining nurses and other staff employees.

42.     The Defendants owed a duty to Plaintiff to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, bylaws or guidelines which were adopted by the Defendants to ensure smoothly-run facilities and adequate resident care.

43.     The Defendants owed a duty to Plaintiff to provide a safe environment, treatment and recovery and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Plaintiff from danger due to her inability to care for herself.

44.     Defendants breached all of these duties.

45.     Defendants breached all of these duties by engaging in deliberate withholding or manipulation of funds.

46.     With regard to each of the foregoing acts of negligence, the Defendants acted with oppression, fraud and malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Plaintiff.

47.     As a direct and proximate result of such oppression, fraud, malice or gross negligence, Plaintiff suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, hospitalizations, and unnecessary loss of personal dignity in an amount to be

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000016 of 000026

16

NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

determined by the jury, but in excess of the minimum jurisdictional limits of this Court,

plus costs and all other relief to which Plaintiff is entitled by law.

<u>COUNT IV</u>
<u>VIOLATIONS OF LONG-TERM CARE RESIDENTS' RIGHTS</u>
(All Defendants)

48. Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Complaint as if set forth fully herein.

49. The Defendants violated statutory duties owed to Plaintiff as a resident of a long-term care facility, Kentucky Revised Statutes 216.510, *et seq.* These statutory duties were non-delegable.

50. The violations of the resident's rights of Plaintiff included:

(a) Violation of the right to be treated with consideration, respect and full recognition of her dignity and individuality;

(b) Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence or anything unusual involving the resident;

(c) Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

(d) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

(e) Violation of the right to be free from abuse and neglect; and

(f) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable Federal laws and regulations governing the certification of long-term care facilities under Titles XVII and/or XIX of the Social Security Act.

17

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000017 of 000026

Filed          18-CI-03625  10/16/2018          Vincent Riggs, Fayette          NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

51.     As a result of the aforementioned violations of the Resident's Rights Statutes by the Defendants, pursuant to KRS Section 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

52.     With regard to the aforementioned violations of the Resident's Rights Act, the Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton and reckless disregard for the rights of Plaintiff and, pursuant to KRS Section 216.515(26), Plaintiff is entitled to punitive damages from Defendants in an amount to be determined by the jury but in excess of the minimum jurisdictional limits of this Court.

**COUNT V**
**NEGLIGENCE**
**(Ann Phillips in her Capacity as Executive Director and Administrator**
**Of Brookdale Richmond Place)**

53.     Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Complaint as if set forth fully herein.

54.     Upon information and belief, Ann Phillips was the Administrator of Brookdale Richmond Place during Plaintiff's residency.

55.     As a nursing home administrator licensed by the Commonwealth of Kentucky, Ann Phillips owed ordinary duties of care to Plaintiff, as well as professional duties and statutory duties owed to residents by licensed nursing home administrators in this state, pursuant to the Nursing Home Administrators Licensure Action of 1970, codified as Kentucky Revised Statutes sections 216A.010 et seq.

56.     As a holder of a nursing home administrator's license, Ann Phillips was legally and individually responsible for the operation of the facility and the welfare of its

18

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000018 of 000026

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

57. As Administrator, Ann Phillips was also responsible for the total management of the facility pursuant to Federal law.

58. Administrator Ann Phillips management responsibilities included ensuring that the facility operated and provided services in compliance with all applicable Federal, state and local laws, regulations and codes and was within accepted professional standards and principles.

59. Administrator Ann Phillips breached the duties of ordinary care owed to Plaintiff as administrator and failed to operate, manage or administer the facility and omissions including, but not limited to, the following:

    (a)    The failure to provide sufficient number of qualified personnel to meet the total needs of Plaintiff throughout her residency and to ensure that Plaintiff:

        1.    Received timely and accurate care assessments;

        2.    Received prescribed treatment, medication and diet; and

        3.    Was protected from accidental injuries by the correct use of ordered and reasonable safety measures.

    (b)    The failure to adequately screen, evaluate and test for competence in selecting personnel to work at the facility;

    (c)    The failure to ensure that Plaintiff was provided with basic and necessary care and supervision;

    (d)    The failure to ensure that Plaintiff attained and maintained her highest level of physical, mental and psychological well-being;

    (e)    The failure to ensure that Plaintiff received care, treatment and medication as prescribed or in accordance with physician's orders;

19

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000019 of 000026

NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

(f)     The failure to ensure that Plaintiff was treated with the dignity and respect that all nursing home residents are entitled to receive;

(g)     The failure to provide a safe environment for Plaintiff;

(h)     The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

(i)     The failure to discipline or terminate employees at the facility assigned to Plaintiff that were known to be careless, incompetent and unwilling to comply with the policies and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health Services;

(j)     The failure to adopt guidelines, policies and procedures for:

1.     Investigating the relevant facts, underlying deficiencies or licensure violations or penalties found to exist at the facility by the Cabinet for Health Services or any other authority;

2.     Determining the cause of any such deficiencies, violations or penalties;

3.     Establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4.     Determining whether the facility had sufficient numbers of personnel to meet the total needs of Plaintiff; and

5.     Documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

(k)     The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Plaintiff and other residents.

(l)     The failure to provide adequate supervision to the nursing staff so as to ensure that Plaintiff received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments and skin care to prevent infection, and sufficient nursing observation and examination of the responses, symptoms and progress in the physical condition of Plaintiff;

20

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000020 of 000026

Filed                                                                                NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

(m)     The failure to maintain all records on Plaintiff in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible and systematically organized with respect to her diagnoses, treatment and appropriate care plans of care and treatment.

60.     A reasonably careful nursing home administrator would have provided the care listed above. It was foreseeable that these breaches of ordinary care would result and did, in fact, result in serious injury to Plaintiff. Each of the foregoing acts of negligence on the part of Administrator Ann Phillips was accompanied by such wanton or reckless disregard for the health and safety of Plaintiff as to constitute gross negligence.

61.     Additionally, the failure of Administrator Ann Phillips to operate, manage or administer the facility in compliance with Federal, state and local laws, regulations and codes intended to protect nursing home residents included, but was not limited to:

(a)     The failure to ensure compliance with rules and regulations of the Cabinet for Health Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the Federal minimum standards imposed by the United States Department of Health and Human Services;

(b)     The failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health Services to provide minimum number of staff necessary to assist Plaintiff with her needs;

(c)     The failure to ensure compliance with laws and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrator Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

(d)     The failure to provide the necessary care and services to attain or maintain the highest practicable physical, mental and psychosocial well-being of Plaintiff, and in accordance with the comprehensive assessment and plan of care created at the facility;

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000021 of 000026

21

Filed                18-CI-03625       10/16/2018              Vincent Riggs, Fayette Circuit Clerk

Filed                    18-CI-03625    10/16/2018              Vincent Riggs, Fayette            NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

(e)   The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Plaintiff in accordance with the resident care plan generated at the facility;

(f)   The failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Plaintiff;

(g)   The failure to ensure a nursing care plan based on Plaintiff's problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental and psychosocial needs as identified in her comprehensive assessment, which was reviewed and revised when Plaintiff's needs changed;

(h)   The failure to notify Plaintiff's family and physician of a need to alter her treatment significantly;

(i)   The failure to provide a safe environment; and

(j)   The failure to ensure that Plaintiff maintained acceptable parameters of nutritional status and received a therapeutic diet throughout her residency.

62.   Plaintiff was a member of a class intended to be protected by the above laws and regulations. The injuries sustained by Plaintiff arose from events those laws and regulations were designed to prevent.

63.   It was foreseeable that these breaches of statutory duties would result in serious injuries to Plaintiff. Each of the foregoing acts of negligence *per se* on the part of Ann Phillips, in her capacity as Administrator, was accompanied by such wanton or reckless disregard for the health and safety of Plaintiff as to constitute gross negligence.

64.   As a direct and proximate cause of such grossly negligent, wanton or reckless conduct, Plaintiff suffered the injuries described above, and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant, Benita Dickenson, in her capacity as Administrator of the facility including, but not

22

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000022 of 000026

Filed 10/16/2018 Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT 10/18/2018 01:59:38 PM 48398

limited to, medical expenses, pain and suffering, mental anguish, and disability, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## COUNT VI
## BREACH OF CONTRACT

65. Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Complaint as if set forth fully herein.

66. Plaintiff entered into a contract with Brookdale Richmond Place to provide services in the facility by taking care of and ensuring the safety and well-being of Plaintiff

67. Defendants breached the contract by and through their agents, representatives and employees, by failing to provide care that met the standard of care for a reasonable nursing home engaged in caring for residents like Plaintiff.

68. As a direct and proximate result of the Defendants' breach of contract, the Plaintiff has been caused to suffer damages.

## COUNT VII
## DECLARATORY JUDGMENT REGARDING MEDICAL REVIEW PANEL

69. Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Complaint as if set forth fully herein.

70. Under Kentucky law, Plaintiff has a constitutional right to access this Court and to try his case to a jury.

71. Under Kentucky law, 900 KAR 11:010, KRS 216C.005 *et seq.*, and the Medical Review Panel process violate the Constitution of the Commonwealth of Kentucky.

72. 900 KAR 11:010, KRS 216C.005 *et seq.*, and the Medical Review Panel process violates the equal protection guarantees of Section 1, 2 and 3 of the Kentucky

23

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000023 of 000026

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette Circuit Clerk

Filed                10/16/2018              Vincent Riggs, Fayette  NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

Constitution. These statutes and administrative regulations violates litigants' due process rights both on its face and because there are no adequate administrative regulations for handling claims filed with the Cabinet for Health and Family Services. These statutes and administrative regulations violate the open courts provision of the Kentucky Constitution, Section 14, the right to trial by jury, Section 7, the prohibition on restricting personal injury and wrongful death damages, Sections 54 and 241, the separation of powers and judicial powers sections, Section 27, 28, 109, and 116, and sections prohibiting special legislation, Sections 59 and 60. These statutes and regulations also violate the title/subject requirements of Section 51.

73.     The application of 900 KAR 11:010, KRS 216C.005, *et seq.*, and the Medical Review Panel process to Plaintiff's case will violate Plaintiff's constitutional rights.

**COUNT VIII**
**PUNITIVE DAMAGES**
**(All Defendants)**

74.     Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Complaint as if set forth fully herein.

75.     The conduct of each of the Defendants was so grossly negligent that Plaintiff is entitled to an award of punitive damages.

**COUNT IX**
**CAUSATION AND DAMAGES**

76.     Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Complaint as if set forth fully herein.

77.     As a direct and proximate result of all of the Defendants' conduct as set forth in the preceding paragraphs above, Plaintiff has been caused to suffer and will suffer in the future the following damages:

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000024 of 000026

24

Filed 10/16/2018 Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT 10/18/2018 01:59:38 PM 48398

(a)     Past, present, and future mental pain and suffering;

(b)     Past, present, and future medical bills and medical expenses;

(c)     Actual, consequential, incidental, and foreseeable damages;

(d)     Increased likelihood of future harm;

(e)     Loss of earning capacity; and

(f)     Attorneys' fees, costs and expenses.

WHEREFORE, the Plaintiff prays the Court as follows:

1.     For a judgment against the Defendants, individually or jointly and severally, with the Plaintiff reserving the right to advise the trier of fact as to what amounts are fair and reasonable, as shown by the evidence;

2.     For entry of a declaratory judgment from this Court, declaring that 900 KAR 11:010, KRS 216C.005, *et seq.*, and the Medical Review Panel process violates the Constitution of the Commonwealth of Kentucky.

3.     For a trial of this cause by a jury;

4.     That she be awarded all of the damages enumerated above, including compensatory, incidental, actual, consequential, loss of consortium, punitive damages and foreseeable damages, attorneys' fees and costs herein expended, any and all equitable relief that may be appropriate;

5.     Pre-judgment and post-judgment interest; and

6.     Any and all other relief to which this Court may deem her entitled.

25

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000025 of 000026

Filed 18-CI-03625 10/16/2018 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
10/18/2018 01:59:38 PM
48398

Respectfully submitted,

GOLDEN LAW OFFICE, PLLC

_____
Justin S. Peterson
Laraclay Parker
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
Telephone:    (859) 469-5000
Facsimile:    (859) 469-5001
jpeterson@goldenlawoffice.com
lparker@goldenlawoffice.com
COUNSEL FOR PLAINTIFF

4816-8815-5710, v. 1

Presiding Judge: HON. PAMELA GOODWINE (622212)

COM : 000026 of 000026

Filed          18-CI-03625      10/16/2018          Vincent Riggs, Fayette Circuit Clerk