# EXHIBIT 30

# *Class Action Against Assisted Living Company Should Continue, Plaintiffs Say*

Mealey's(R) Elder Law Report

Online ISSN: 2475-1340 , Print ISSN: 2475-1332

October 2019

Copyright 2019 LexisNexis, a division of RELX Inc.

Copyright in individual articles as noted therein.

**Cite:** 3-8 Mealey's Elder Law Report 23 (2019)

**Section:** Volume 3, Issue #8

**Length:** 1412 words

**Dateline:** NASHVILLE, Tenn.

## Body

Class claims alleging that Brookdale Senior Living Inc. violates state consumer protection statutes by promising but failing to provide care based on residents' assessed care needs should not be stricken and the complaint should not be dismissed, the plaintiffs say in a pair of Sept. 16 motions filed in a Tennessee federal court (***Meghan Bright***, et al. v. Brookdale Senior Living, Inc., No. 19-cv-374, M.D. Tenn.).

( Plaintiff's opposition to motion to dismiss available 37-191015-006B

Plaintiffs' opposition to motion to strike class allegations available 37-191015-007B )

***Meghan Bright***, as curator of the estate of Leonard Foote, and Jean Howard, through her son Gary Weir, filed the suit on May 3 in the U.S. District Court for the Middle District of Tennessee seeking damages, declaratory and injunctive relief and "penalties to redress systemic unfair and deceptive trade practices and breaches of contract" on behalf of a class of current and former residents of at least 120 assisted living facilities in Florida operated by Brookdale and a similar class of current and former residents of at least 56 Brookdale facilities in North Carolina.

The plaintiffs claim that Brookdale, in its sales and marketing materials and resident agreements, has promised "tailored services that meet the individualized and personal needs of residents," leading "reasonable consumers to believe that it would meet the needs of residents by providing enough staff in each of its facilities to deliver all the basic care and daily living services that residents required" based on its assessment of their needs. Based on these "personal service assessments" (PSAs), Brookdale places residents in "care groups" based on the amount of caretaker time they require to meet their needs. Monthly charges are based on the amount of services required and the amount of staff time residents require.

However, the plaintiffs claim that residents instead face "a system of chronically understaffed assisted living facilities that routinely and as a matter of practice fail to provide sufficient staffing that correlates to the service needs of its resident populations in order to provide the most basic level of promised care and daily living services." They allege violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq., and North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. Section 75-1.1 et seq, breach of contract, unjust enrichment and intentional interference with contractual relationship and seeks declaratory and injunctive relief under the Florida Declaratory Judgment Act and the North Carolina Uniform Declaratory Judgment Act, N.C. Gen. Stat. Sections 1-253 et seq.

Brookdale's Motions

Brookdale on July 31 filed motions to dismiss the claims alleged by Bright, to strike the class allegations and to compel arbitration and stay the proceedings.

In its motion to dismiss, Brookdale claims that the complaint "fails to state any viable cause of action as a matter of law." It argues that Bright, as curator of Foote's estate, lacks the capacity to assert the claims that belonged to Foote before his death, that the FDUTPA claim is barred by the statute of limitations and the complaint fail adequately allege an unfair or deceptive practice under the act, that the court lacks jurisdiction over claim for declaratory and injunctive relief under the Florida Declaratory Judgment Act, that the complaint fails to identify any contractual terms that were breached and that the unjust enrichment and intentional interference claims fail because Bright asserts the existence of an express contract.

In its motion to strike the class allegations, Brookdale says the class definition "is overbroad on its face. Plaintiffs admit that many residents are merely at an alleged 'risk' of being deprived adequate care. Yet, that is a risk that former residents necessarily do not face. As such, the class definition includes many putative class members who admittedly have never-and will never--experience any harm at the hands of Brookdale." In addition, they say plaintiffs who were allegedly deprived of care "are atypical of the many putative class members who are or were merely at 'risk' of being deprived adequate care." They also note that the named plaintiffs, who allege that they or their relative were deprived of adequate care, could not adequately represent putative class members who currently live in Brookdale facilities and are "merely at 'risk' of harm."

In addition, Brookdale says the class allegations should be stricken because "individualized issues regarding the adequacy of each resident's care and the actual staffing levels at a particular facility on a particular day will necessarily predominate the claims." Individualized issues regarding whether each class member's claim is time-barred "will overwhelm the adjudication" of the FDUTA claim, while the North Carolina deceptive trade practices claim "requires proof of individual reliance," Brookdale says. The unjust enrichment claim, too, involves individualized issues because some putative class members may be satisfied with the care they received. Finally, the company says, the allegations for a class under Federal Rule of Civil Procedure 23(b)(2), Fed. R. Civ. P. 23(b)(2), should be stricken because the class includes current and former residents, so its current and future staffing practice "do not uniformly impact the class."

Brookdale also moved to compel arbitration and stay the proceedings, claiming that Howard signed a binding agreement to arbitrate "any and all disputes related to her residency" at its facility and is thus precluded from asserting claims pursuant to the Federal Arbitration Act. Howard has since died, according to a Sept. 12 docket entry.

Opposition

In opposing the motion to dismiss her claims, Bright says Foote's estate can bring claims that belonged to Foote before his death, citing Section 20-5-106 of the Tennessee Code, Tenn. Code Ann. § 20-5-106, and case law. She says the FDUTPA claim was brought within the law's four-year statute of limitations, rejecting Brookdale's argument that the one-year statute of limitations in Tennessee law should apply to the claim and that she has adequately pleaded a claim under the act, that she has adequately state a claim for breach of contract, noting that while she does not have a copy of the residency agreement despite repeatedly requesting it, she has "alleged specific facts identifying the existence of this contract and those provisions that Brookdale has breached." She also says she may

bring an unjust enrichment claim in the alternative, noting, "Although proof of an express contract between parties to a contract defeats a claim for unjust enrichment, it is well-settled that breach of contract and unjust enrichment may be pleaded in the alternative," citing Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273, 1277-78 (11th Cir.2006).

In their brief opposing Brookdale's motion to strike the class claims, the plaintiffs say that Brookdale "improperly asks the Court to rule on the propriety of Plaintiffs' class claims before affording Plaintiffs any opportunity to conduct class wide discovery" and that the motion "hinges on a fundamental mischaracterization of Plaintiffs' case. This is not, as Defendant appears to believe, a medical malpractice case about whether each individual class member received adequate care services on any given day," they say, adding that this "misconstruction of the case" "is ultimately fatal" to the motion.

Counsel

The plaintiffs are represented by Christa L. Collins of Harmon Parker in Tampa; Andrew Meyer of Andrew Meyer P.A. in Largo, Fla.; Elizabeth Aniskevich of AARP Foundation in Washington, D.C.; and Michael S. Kelley of Kennerly, Montgomery & Finley in Knoxville, Tenn.

Brookdale is represented by David A. Changas and John R. Tarpley of Lewis Thomason in Nashville and Erica W. Rutner of Lash & Goldberg in Miami.

( Additional documents available: Brookdale's motion to dismiss 37-191015-008M

Brookdale's memo supporting motion to dismiss 37-191015-009B

Brookdale's motion to strike class allegations 37-191015-010M

Brookdale's memo supporting motion to strike 37-191015-011B

Brookdale's motion to compel arbitration 37-191015-012M

Brookdale's memo supporting motion to compel 37-191015-013B

Complaint 37-191015-014C )

Do you have news to share? Are you interested in writing a commentary article? Email the Mealey's News Desk at *Mealeys@LexisNexis.com*

**Load Date:** October 15, 2019

---

**End of Document**