# EXHIBIT 32

Case 3:20-cv-00543    Document 46-2    Filed 01/15/21    Page 1 of 4 PageID #: 1352

# *Some Class Claims Against Assisted Living Company Survive; Others Dismissed*

Mealey's(R) Elder Law Report

Online ISSN: 2475-1340 , Print ISSN: 2475-1332

April 2020

Copyright 2020 LexisNexis, a division of RELX Inc.

 Copyright in individual articles as noted therein.

**Cite:** 4-2 Mealey's Elder Law Report 25 (2020)

**Section:** Volume 4, Issue #2

**Length:** 1330 words

**Dateline:** NASHVILLE, Tenn.

## Body

  A federal judge in Tennessee on April 6 allowed breach of contract, unjust enrichment and intentional interference with contractual relationship claims to survive in a class action alleging that Brookdale Senior Living Inc. promised but failed to provide care based on residents' assessed care needs; however, the judge granted a motion to stay the proceedings and compel arbitration in the case of one named plaintiff, finding that the parties entered into a valid arbitration agreement. In light of those rulings and a settlement in a similar action, the judge denied the defendant's motion to strike the class claims without prejudice to refiling (***Meghan Bright***, et al. v. Brookdale Senior Living, Inc., No. 19-cv-374, M.D. Tenn.).

 ( Memorandum re motion to dismiss class action complaint available 37-200421-047Z

Memorandum re motion to compel arbitration and stay proceedings available 37-200421-048Z

 Order re motion to strike class allegations available 37-200421-049R )

 ***Meghan Bright***, as curator of the estate of Leonard Foote, and Jean Howard, through her son Gary Weir, filed the suit on May 3 in the U.S. District Court for the Middle District of Tennessee seeking damages, declaratory and injunctive relief and "penalties to redress systemic unfair and deceptive trade practices and breaches of contract" on behalf of a class of current and former residents of at least 120 assisted living facilities in Florida operated by Brookdale and a similar class of current and former residents of at least 56 Brookdale facilities in North Carolina.

 The plaintiffs claim that Brookdale, in its sales and marketing materials and resident agreements, has promised "tailored services that meet the individualized and personal needs of residents," leading "reasonable consumers to

believe that it would meet the needs of residents by providing enough staff in each of its facilities to deliver all the basic care and daily living services that residents required" based on its assessment of their needs. Based on these "personal service assessments" (PSAs), Brookdale places residents in "care groups" based on the amount of caretaker time they require to meet their needs. Monthly charges are based on the amount of services required and the amount of staff time residents require.

However, the plaintiffs claim that residents instead face "a system of chronically understaffed assisted living facilities that routinely and as a matter of practice fail to provide sufficient staffing that correlates to the service needs of its resident populations in order to provide the most basic level of promised care and daily living services." They allege violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq., and North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. Section 75-1.1 et seq, breach of contract, unjust enrichment and intentional interference with contractual relationship and seeks declaratory and injunctive relief under the Florida Declaratory Judgment Act and the North Carolina Uniform Declaratory Judgment Act, N.C. Gen. Stat. Sections 1-253 et seq.

Brookdale moved to dismiss the claims alleged by Bright, to strike the class allegations and to compel arbitration and stay the proceedings, claiming that Howard signed a binding agreement to arbitrate.

Motion To Dismiss

In his ruling on the motion to dismiss, Judge William L. Campbell Jr. first rejected Brookdale's claim that under Tennessee law, Foote's estate lacks the capacity to bring suit as that right passes to the next of kin or personal representative, noting that Bright, as curator of the estate, "is a personal representative who may bring a claim that accrued to a claimant before his death on behalf of the estate."

Judge Campbell next turned to Brookdale's argument that the FUDTPA claim should be dismissed as untimely. Finding that Tennessee's one-year statute of limitations, not Florida's four-year statute, applies to the claim, the judge next addressed Bright's argument that the statute of limitations should be tolled by the discovery rule and Brookdale's fraudulent concealment.

The judge said it was clear that Foote was aware of his alleged injury during his residency, which ended Sept. 27, 2015, making the May 3, 2019, claim time-barred. Likewise, he said that if Brookdale "misrepresented that staffing would be provided as determined by the resident assessment, Foote knew of the deception when staffing was not provided at the level promised. That Plaintiff did not know the cause for the understaffing does not raise a plausible claim that Defendant fraudulently concealed Plaintiff's injury such that the statute of limitations should be tolled."

In addition to dismissing the FUDTPA claim, the judge dismissed the claim for declaratory and injunctive relief under Florida's Declaratory Judgment Act, noting that the plaintiffs did not oppose dismissal.

Claims Continue

However Judge Campbell allowed the breach of contract claim to proceed, rejecting Brookdale's argument that Bright failed to attach a copy of the contract to the complaint, noting that Bright's referencing of provisions of the uniform resident agreement and assertion that Bright has a copy of that agreement are "sufficient to state a facially plausible claim."

And though the judge agreed with Brookdale that "Plaintiff may not recover twice for the same violation," he noted that per Federal Rule of Civil Procedure 8, Fed. R. Civ. P. 8, pleadings in the alternative, such as those Bright brings in the alternative to her breach of contract claim, are permitted. "A contract between the parties has not yet been proven in this case. As such, Plaintiff's alternative claims of unjust enrichment and intentional interference with a contractual relationship will not be dismissed."

Motion To Compel

In his memorandum granting Brookdale's motion to compel arbitration and stay the proceedings related to Howard, Judge Williams first noted that Howard, then 89, "signed the Residency Agreement, which included an

unambiguous agreement to arbitrate '[a]ny and all claims and controversies arising out of, or in any way relating to, this Agreement.'" He added that Weir did not offer evidence that Howard was misled or misunderstood the arbitration provision.

"The Court does not find sufficient evidence from which a reasonable fact finder could conclude there was not a meeting of the minds between the parties on the agreement to arbitrate," Judge Williams said, adding that he did not find evidence that the plaintiff cannot pursue the claims in arbitration.

In light of his rulings on the motion to dismiss and motion to compel, which he said "may significantly impact the case," as well as the March 23 settlement of similar claims in Runton v. Brookdale Senior Living, Inc., No. 17-606640, S.D. Fla., Judge Williams denied Brookdale's motion to strike the class allegations without prejudice to refiling.

Counsel

The plaintiffs are represented by Christa L. Collins of Harmon Parker in Tampa, Fla.; Andrew Meyer of Andrew Meyer PA in Largo, Fla.; Elizabeth Aniskevich of AARP Foundation in Washington, D.C.; and Michael S. Kelley of Kennerly, Montgomery & Finley in Knoxville, Tenn.

Brookdale is represented by David A. Changas and John R. Tarpley of Lewis Thomason in Nashville and Erica W. Rutner of Lash & Goldberg in Miami.

( Additional documents available: Plaintiffs' opposition to motion to dismiss 37-191015-006B

Plaintiffs' opposition to motion to strike class allegations 37-191015-007B

Brookdale's motion to dismiss 37-191015-008M

Brookdale's memo supporting motion to dismiss 37-191015-009B

Brookdale's motion to strike class allegations 37-191015-010M

Brookdale's memo supporting motion to strike 37-191015-011B

Brookdale's motion to compel arbitration 37-191015-012M

Brookdale's memo supporting motion to compel 37-191015-013B

Complaint 37-191015-014C )

Do you have news to share? Are you interested in writing a commentary article? Email the Mealey's News Desk at _Mealeys@LexisNexis.com_

**Load Date:** April 21, 2020

---

**End of Document**