# EXHIBIT 33

## *Settlement Resolving Claims Against Florida Assisted Living Facilities Gets Final OK*

Mealey's(R) Litigation Report: Class Actions

Online ISSN: 2158-8619 , Print ISSN: 1535-234X

April 24, 2020

Copyright 2020 LexisNexis, a division of RELX Inc.

 Copyright in individual articles as noted therein.

**Cite:** 20-4 Mealey's Litig. Rep. Class Actions 14 (2020)

**Section:** Volume 20, Issue #4

**Length:** 835 words

**Dateline:** MIAMI

# Body

  A federal judge in Florida on March 23 granted final approval of a settlement that resolves claims that Brookdale Senior Living Inc. misrepresented the way it determines staffing needs at its assisted living facilities in the state, finding the terms "fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members" (Gloria Runton, et al. v. Brookdale Senior Living Inc., No. 17-cv-60664, S.D. Fla.).

  ( Order available 37-200421-038R )

  Noting that the settlement followed "mediation and extensive negotiations," U.S. Judge Cecelia M. Altonaga of the Southern District of Florida said it met the requirements of Federal Rules of Civil Procedure 23(a) and (b), Fed. R. Civ. P. 23(a) and (b). She certified a class consisting of all people who entered a Brookdale facility in the state between April 4, 2013, and Nov. 13, 2019, who contracted with the facility "for assisted living or memory care services but for whom there does not exist a signed arbitration agreement applicable to the services provided to them" at a Brookdale facility.

  Claims

  Gloria Runton sued Brookdale, which owns and operates assisted living and memory care facilities in Florida and elsewhere, alleging violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq., and breach of contract and seeking declaratory and injunctive relief. She alleged that Brookdale misrepresents to residents how it determines staffing and care at its facilities.

Settlement Resolving Claims Against Florida Assisted Living Facilities Gets Final OK

Runton said Brookdale claims that under its Resident Assessment Program, it determines exactly what residents need after entering a facility, enabling it to deliver exceptional care. As part of its admission agreement, Brookdale may charge a community fee payment that it says represents residents' assessed needs and level of care and helps determine its staffing of the facility. However, Runton said Brookdale actually staffs its facilities based on predetermined labor budgets.

Brookdale moved to dismiss the complaint and to strike the class allegations. The court denied the motions. After the close of pleadings, the court granted Brookdale's motion for judgment on the pleadings on the veil-piercing allegations under one of the two contracts at issue in the breach of contract claim but denied the motion on all other claims. Runton died, and Julie Goddard, the curator of her estate, was substituted as plaintiff. The court denied Goddard's motion to dismiss the complaint with prejudice and ordered the parties to work to resolve outstanding issues. A mediation session in August resulted in the settlement agreement. Preliminary approval was granted Nov. 13.

### Settlement Terms

Under the terms of the settlement, each settlement class member who submits a timely and approved claim form will receive a cash payment of 15 percent of the community fee payment for each year of his or her residency at a Brookdale facility, prorated to the number of days he or she lived at the facility. Those whose community fee payment was $0 will receive a $25 reimbursement.

In addition, Brookdale agrees to add language to its standard Florida residency agreement stating: "We make no promise or representation regarding whether or how a resident's assessed needs impact staffing determinations at a given facility. There is no guarantee that an increase in a resident's assessed needs will result in an increase in staffing at the resident's facility."

In return, class members will release all claims, including claims related to staffing and care, but not including any claims for personal injury, against Brookdale. Brookdale continues to deny the allegations.

### Intervention Denied

After receiving notice of the settlement, class member **_Meghan Bright_**, who in May filed a similar suit against Brookdale in the Middle District of Tennessee, moved to intervene in the Florida suit to "protect her interests," serve discovery and oppose final approval of the settlement, which she called "inadequate and unfair." On Feb. 17, Bright opted out of the settlement class.

Judge Altonaga on March 18 denied Bright's motion to intervene. A fairness hearing on the settlement was held March 23.

In granting final approval of the settlement and approving an $87,000 fee award to class counsel, Judge Altonaga noted that no class members objected to the deal.

### Counsel

Gail A. McQuilkin and Robert J. Neary of Kozyak Tropin & Throckmorton in Coral Gables, Fla., represent the plaintiffs.

Erica Rutner, Martin B. Goldberg and Michael D. Redondo of Lash & Goldberg in Miami represent Brookdale.

( Additional documents available: Motion for final approval with attachments 37-200421-039B

Order on motion to intervene 37-200421-040R

Motion to intervene 37-200421-041B

Opposition to motion to intervene 37-200421-042B

Settlement Resolving Claims Against Florida Assisted Living Facilities Gets Final OK

Order granting preliminary approval 37-191217-012R

Motion for preliminary approval of class action settlement, with settlement 37-191217-013B

Complaint 37-191217-014C  )

Do you have news to share? Are you interested in writing a commentary article? Email the Mealey's News Desk at *Mealeys@LexisNexis.com*

**Load Date:** April 29, 2020

**End of Document**