## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

CHRISTOPHER MICHAEL POSEY SR.,

        Plaintiff,

        v.

BROOKDALE SENIOR LIVING INC.,
LUCINDA M. BAIER, T. ANDREW SMITH,
and STEVEN E. SWAIN,

        Defendants.

Case No. 3:20-cv-00543

Judge Aleta A. Trauger

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants Brookdale Senior Living Inc., Lucinda M. Baier, T. Andrew Smith, and Steven E. Swain, by and through counsel, respectfully request that this Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of certain facts and documents submitted in support of Defendants' Motion to Dismiss the Amended Complaint.

The Federal Rules of Evidence authorize this Court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts regularly take judicial notice of numerous documents in addressing Section 10(b) claims. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *In re Unumprovident Corp. Sec. Litig.*, 396 F. Supp. 2d 858, 876 (E.D. Tenn. 2005) ("Courts may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements."). Judicial notice is mandatory "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). There are several categories of documents and facts of

which the Court should take judicial notice in connection with the Defendants' Motion to Dismiss:

(1) *Documents Integral to the Complaint:* The Court can consider a document integral to or explicitly relied upon in the complaint. *See, e.g.*, *Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461, 467 (6th Cir. 2011); *Ley v. Vinson Corp.*, 543 F.3d 801, 806 (6th Cir. 2008). Here, the Complaint quotes and/or relies upon: (A) Brookdale's annual reports; (B) Brookdale's quarterly reports; (C) Brookdale's press releases and quarterly earnings releases, presentations, and earnings call transcripts; (D) articles in newspapers and on websites. All of these documents should be judicially noticed.

(2) *SEC Filings*: The Court may take judicial notice of documents publicly filed with, and available from, the Securities and Exchange Commission ("SEC"). *See, e.g.*, *Helwig v. Vencor, Inc.*, 210 F.3d 612, 618 n.10 (noticing "not only those documents referenced in the plaintiffs' complaint, but also documents filed with the SEC"); *In re EveryWare Global, Inc. Sec. Litig.*, 175 F. Supp. 3d 837, 850 (S.D. Ohio 2016) (granting request to notice SEC filings); *In re Keithley Instruments, Inc. Sec. Litig.*, 268 F. Supp. 2d 887, 896 n.10 (N.D. Ohio 2002) (noticing SEC filings concerning insider trades). All of the following are filings with the SEC that the Court can consider: (A) Brookdale's annual reports (Form 10-K); (B) Brookdale's quarterly reports (Form 10-Q); (C) Brookdale's quarterly earnings releases and presentations (filed as Exhibits 99.1 or 99.2 to Form 8-K); (D) Brookdale's proxy materials for its annual meetings; (E) trading information relating to defendants Baier, Smith and Swain (Form 4).

(3) *Stock Prices*: Stock-price data is publicly available and regularly considered by courts addressing Section 10(b) claims. *See, e.g.*, *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 n.4 (4th Cir. 2004) (courts "may take judicial notice of published stock prices"); *In re*

*TransDigm Grp., Inc. Sec. Litig.*, 440 F. Supp. 3d 740, 755 n.12 (N.D. Ohio 2020). 755 n.12 (courts may "take judicial notice of well-publicized stock prices"); *D.E. & J Ltd. P'ship v. Conaway*, 284 F. Supp. 2d 719, 749 n.26 (E.D. Mich. 2003) (noticing "stock prices and market trends"); *Keithley*, 268 F. Supp. 2d at 896 n.6 (N.D. Ohio 2002) (noticing "stock prices and market indices"). The Court should take judicial notice of relevant stock prices.

(4) *Complaints and Other Documents from Related Lawsuits*: "[I]t is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (noticing briefs filed in online state appellate docket); *see also Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir. 2004) (noticing court records "available online to members of the public"). Courts routinely notice filings in other courts in adjudicating motions to dismiss claims under Section 10(b). *See, e.g.*, *New England Health Care Emps.' Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 500 n.2 (6th Cir. 2003) (denying motion to strike request for judicial notice and taking notice of brief filed in other proceeding); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 984 n.13 (9th Cir. 1999) (taking "judicial notice of five securities class action complaints filed in United States District Courts that contain the same boilerplate allegations of 'negative internal reports'"); *Unumprovident*, 396 F. Supp. 2d at 875, 880-82 (noticing complaints filed in related class-action suits to ascertain whether plaintiffs had notice of "allegations of the sort of fraudulent claims handling practices upon which" plaintiffs' "claim now centers").

The Court should take judicial notice that complaints were publicly filed in *Gunza v. Brookdale Senior Living, Inc.*, No. 3:19-cv-00353 (M.D. Tenn. filed Apr. 24, 2020), *Bright et al. v. Brookdale Senior Living, Inc.*, No. 3:19-cv-00374 (M.D. Tenn. filed May 3, 2019), *Runton v. Brookdale Senior Living, Inc.*, No. 0:17-cv-60664-CMA (S.D. Fla., filed Apr. 4, 2017),

*Stiner/Eidler v. Brookdale Senior Living, Inc.*, No. 4:17-cv-03962 (N.D. Cal., filed Jul. 13, 2017), and *Johnson v. BLC Lexington, SNF, LLC et al.*, No. 5:19-cv-00064 (E.D. Ky., filed Oct. 18, 2018). This Court should notice the allegations set forth in those complaints, but the Court cannot notice the allegations for their truth. *See, e.g. Unumprovident*, 396 F. Supp. 2d at 875 (explaining that the court is "only taking judicial notice of the *existence* of these documents and the specific statements and/or allegations contained within the documents").

(5) *Media Coverage of Related Lawsuits*: Courts routinely take judicial notice of the existence and content of news media articles in Section 10(b) cases. *See, e.g.*, *TransDigm*, 440 F. Supp. 3d at 747 n.2, 770 (noticing "articles published by Citron Research and The Capital Forum" in determining whether disclosure document "simply regurgitated information that was already in the public domain"); *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) ("Matters of which judicial notice can be taken include press coverage establishing what information existed in the public domain during periods relevant to the plaintiffs' claims."); *Ley v. Visteon Corp.*, 2006 WL 2559795, at *7 (E.D. Mich. Aug. 31, 2006) (noticing articles "in determining if the market had sufficient knowledge" of allegedly concealed facts); *Unumprovident*, 396 F. Supp. 2d at 876 (noticing press releases concerning similar class-action lawsuits filed against defendant because "[b]oth the fact and content of the press releases are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned (i.e., LexisNexis)").

This Court should notice the media news articles attached to the supporting declaration of Geoffrey J. Ritts. These articles are self-authenticating, *see, e.g.*, *Unumprovident*, 396 F. Supp. 2d at 877, and would be noticed for the narrow purpose of "showing 'that the market was aware of the information contained in news articles,'" which is the core circumstance "in securities

litigation where judicial notice of newspaper articles is appropriate." *In re Kabobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1004 (N.D. Cal. 2017) (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015)); *see also TransDigm*, 440 F. Supp. 3d at 747 n.2, 770; *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (affirming district court's noticing of media articles because they "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true"); *Ley*, 2006 WL 2559795, at *7; *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 n.15, 422 (S.D.N.Y. 2003) (noticing media articles in evaluating loss causation).

For the foregoing reasons, the Defendants respectfully request that the Court take judicial notice of the documents attached to the accompanying Declaration of Geoffrey J. Ritts In Support of Defendants' Motion to Dismiss the Amended Complaint.

Dated:  January 15, 2021

Respectfully submitted,

/s/ Geoffrey J. Ritts

Geoffrey J. Ritts (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939
gjritts@jonesday.com

Britt K. Latham (BPR #23149)
Briana T. Sprick Schuster (BPR #038305)
BASS BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201
(615) 742-6200
blatham@bassberry.com
briana.sprick.schuster@bassberry.com

*Attorneys for Defendants Brookdale Senior Living Inc., Lucinda M. Baier, T. Andrew Smith, and Steven E. Swain*

-6-

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on January 15, 2021. Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system. The names of the attorneys for other parties who are registered to receive notices of filings through the Court's system are:

Stephanie Bartone (sbartone@zlk.com)

Saul C. Belz (sbelz@glankler.com)

Paul Kent Bramlett (pknashlaw@aol.com)

Robert P. Bramlett (robert@bramlettlawoffices.com)

Patrick V. Dahlstrom (pdahlstrom@pomlaw.com)

James A. Holifield, Jr.(aholifield@holifieldlaw.com)

J. Alexander Hood, II (ahood@pomlaw.com)

Shannon L. Hopkins (shopkins@zlk.com)

Jeremy A. Lieberman (jalieberman@pomlaw.com)

Sebastiano Tornatore (stornatore@zlk.com)

Parties may access this filing through the Court's system.

/s/ Geoffrey J. Ritts
Geoffrey J. Ritts (admitted *pro hac vice*)

*One of the Attorneys for Defendants*
*Brookdale Senior Living Inc., Lucinda M.*
*Baier, T. Andrew Smith, and Steven E. Swain*